**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000212**
**25-JUN-2013**
**08:25 AM**

NO. CAAP-12-0000212

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ANDREW JOSIAH RODRIGUEZ, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0819)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendant-Appellant Andrew Josiah Rodriguez (Rodriguez) appeals from a Judgment of Conviction and Sentence (Judgment) filed on March 19, 2012, in the Circuit Court of the First Circuit[1] (circuit court). Judgment was entered against Rodriguez for Kidnapping in violation of Hawaii Revised Statutes (HRS) § 707-720(1)(e) (Supp 2012),[2] and Assault in the Third Degree in violation of HRS § 707-712 (1993 Repl.).[3]

---

[1] The Honorable Karen S.S. Ahn presided.

[2] HRS § 707-720(1)(e) provides that "[a] person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to . . . [t]errorize that person or a third person[.]"

[3] HRS § 707-712(1) provides that "[a] person commits the offense of assault in the third degree if the person: (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or (b) Negligently causes bodily injury to another person with a dangerous instrument."

On appeal, Rodriguez contends that (1) the circuit court's instructions were prejudicially erroneous when they failed to define the term "terrorize," and (2) there was no substantial evidence to support Rodriguez's conviction for Kidnapping.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Rodriguez's points of error as follows:

(1) The circuit court did not err when it gave the jury instruction on the elements of the offense of Kidnapping without defining the term "terrorize." At trial, Rodriguez did not object to the jury instruction; therefore, it is his burden to rebut the presumption that jury instructions not objected to are correct. State v. Nichols, 111 Hawai'i 327, 337 n.6, 141 P.3d 974, 984 n.6 (2006).

"It is a grave error to submit a [criminal] case to a jury without accurately defining the offense charged and its elements." State v. Pinero, 70 Haw. 509, 526, 778 P.2d 704, 715 (1989) (citation and internal quotation marks omitted). An erroneous jury instruction is grounds for reversal "unless it affirmatively appears from the record as a whole that the error was not prejudicial." Pinero, 70 Haw. at 526, 778 P.2d at 716 (citation and internal quotation mark omitted).

The circuit court instructed the jury as follows:

> In Count 1, Defendant Andrew Josiah Rodriguez is charged with the offense of Kidnapping.
>
> A person commits the offense of Kidnapping if he intentionally or knowingly restrains a person <u>with intent to terrorize that person</u>.
>
> There are three material elements of the offense of Kidnapping, each of which the prosecution must prove beyond a reasonable doubt.

These three elements are:

1. That, on or about May 15, 2010, in the City and County of Honolulu, State of Hawaii, the Defendant Andrew Josiah Rodriguez restrained Ezra Kualaau; and

2. That Defendant Andrew Josiah Rodriguez did so intentionally or knowingly; and

3. That Defendant Andrew Josiah Rodriguez did so with the intent to terrorize Ezra Kualaau.

(Emphases added.)

In the jury instructions, the circuit court gave the statutory definitions of "intentionally," "knowingly," and "restrain," among others. The court did not provide a definition of "terrorize," nor did either party request a definition or object to the absence of a definition of "terrorize."

Neither the HRS nor the Hawai'i Pattern Jury Instructions[4] provide a definition of the term "terrorize." See HRS § 707-700 (1993 Repl. and Supp. 2012) (definitions of terms relating to offenses against the person). Where there is no statutory definition, HRS § 701-104 (1993 Repl.)[5] applies, which provides the principles of construction for interpreting provisions of the Hawai'i Penal Code (Code). See State v. Cavness, 80 Hawai'i 460, 466, 911 P.2d 95, 101 (App. 1996) (HRS § 701-104 applies where criminal statute did not define a phrase). Pursuant to HRS § 701-104, provisions of the Code "shall be given a genuine construction, according to the fair

_____

[4] See Hawaii Standard Jury Instructions Criminal, Instruction 9.35, Kidnapping--Intent to Terrorize: H.R.S. § 707-720(1)(e).

[5] HRS § 701-104 provides:

§701-104 Principles of construction. The provisions of this Code [Hawaii Penal Code] cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of the words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.

3

import of the words, taken in their usual sense[.]" HRS § 701-104.

Applying the foregoing principles, we note that the ordinary and usual meaning of "terrorize" is "1: to fill with terror or anxiety: SCARE 2: to coerce by threat or violence[.]" Merriam-Webster's Collegiate Dictionary 1213 (10th ed. 2000).

Rodriguez relies on State v. Yamamoto, 98 Hawai'i 208, 46 P.3d 1092 (App. 2002), to assert that the circuit court erred in failing to instruct the jury on the definition of "terrorize." Yamamoto, however, does not support Rodriguez's assertion. In Yamamoto, the trial court instructed the jury that "[t]errorize means the risk of causing another person serious alarm for his or her personal safety." Yamamoto, 98 Hawai'i at 209, 46 P.3d at 1093 (emphasis added). This court concluded that the trial court had erred because the definition had "no basis in our criminal statutes," and the instruction was erroneous for "implying that a person is guilty of kidnapping if he or she intends the mere risk of causing another person serious alarm for his or her personal safety[.]" Yamamoto, 98 Hawai'i at 217, 46 P.3d at 1101 (emphasis added). The ruling in Yamamoto does not require a trial court to provide a definition of "terrorize" for a Kidnapping charge, nor does that case suggest that it would be error not to provide such a definition.[6] Rodriguez fails to establish that the omission of a definition for "terrorize" was erroneous and thus presumptively harmful.

At the end of the first day of deliberations, the jury sent "Communication No. 1 from the Jury," asking the circuit court, "What is the definition of terrorize?" The court

---

[6] Indeed, it was noted in Yamamoto that the defendant in that case had objected to the instruction defining "terrorize" because, *inter alia*, it was not a statutory definition and "it is a common everyday thing that the jury can define for themselves." 98 Hawai'i at 215 n.3, 46 P.3d at 1099 n.3.

4

responded, "Please refer to all of the Court's instructions to you." Neither party objected to the circuit court's response. Rodriguez's contention that the jury's question suggested the jury was confused about the definition of "terrorize" is purely speculative. There is nothing in the record to indicate that the jury applied anything other than the ordinary and usual meaning of "terrorize." Based on that meaning, the jury could reasonably find that Rodriguez intended to terrorize Kualaau.

Furthermore, the record does not show that the court's reference back to the jury instructions confused or left an erroneous impression in the minds of the jurors. See State v. Laurie, 56 Haw. 664, 672, 548 P.2d 271, 277 (1976). The jury's review of the instructions would have revealed that there was no definition provided for "terrorize." The jury was thereafter able to reach a verdict.

Based on the foregoing, Rodriguez failed to rebut the presumption that the unobjected-to jury instruction was correct. Nichols, 111 Hawai'i at 337 n.6, 141 P.3d at 984 n.6.

(2) Next, Rodriguez argues that "there was no substantial evidence to support [his] conviction for Kidnapping, either as the primary or accomplice where neither [he] nor Bailey restrained [Kualaau] with the intent to terrorize him." At most, Rodriguez contends, the jury could only find him guilty of the lesser included offense of Unlawful Imprisonment in the Second Degree,[7] which does not require a finding of an "intent to terrorize."

"'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable

---

[7] Pursuant to HRS § 707-722(1) (1993 Repl.), "[a] person commits the offense of unlawful imprisonment in the second degree if the person knowingly restrains another person."

5

caution to support a conclusion." State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (internal quotation marks and citation omitted). Regarding intent, our courts

have long held that intent can be proven inferentially:

> The law recognizes the difficulty by which intent is proved in criminal cases. We have consistently held that since intent can rarely be proved by direct evidence, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the act is sufficient to establish the requisite intent. Thus, the mind of an alleged offender may be read from his acts, conduct, and inferences fairly drawn from all the circumstances.

> State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982) (citations omitted).

State v. Kiese, 126 Hawai'i 494, 502-503, 273 P.3d 1180, 1188-89 (2012).

Rodriguez asserts that Kualaau's testimony was not credible, so should not be considered as "substantial evidence." We note that "[i]t is well-settled that an appellate court will not pass upon issues dependant upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (citation, internal quotation marks, and some brackets omitted) (quoting State v. Stocker, 90 Hawai'i 85, 90, 976 P.2d 399, 404 (1999)). Moreover, the testimony of a single percipient witness may constitute substantial evidence to support a conviction. State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996).

Although Rodriguez testified at trial and argues on appeal that "his only intent was to retrieve the stolen money from [Kualaau,]" there was substantial evidence at trial to support the jury's conclusion that Rodriguez intended to terrorize Kualaau. The jury heard not only from Kualaau, but

from two eyewitnesses who saw Kualaau, with his hands bound behind his back, being thrown by his shoulders and legs into the trunk of the car by the defendants, who then closed the trunk. A police officer testified that when he was dispatched to a resident's home, he observed that Kualaau was crying and appeared to be scared.  The emergency room physician testified as to Kualaau's bruises and abrasions and a fracture on the nose. Rodriguez acknowledged that Kualaau's appearance in the photographs taken at the emergency room was different than his appearance at the beginning of the day.

Viewed in the light most favorable to the State, there was substantial evidence to support the reasonable inference that Rodriguez acted with the requisite intent to terrorize Kualaau, thereby meeting the statutory definition of Kidnapping.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on March 19, 2012, in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, June 25, 2013.

On the briefs:

Jeffrey A. Hawk
(Hawk Sing Ignacio & Waters)
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

7